**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States,<br><br>                Plaintiff,<br><br>v.<br><br>Loren Joel McReynolds,<br><br>                Defendant. | No. CR18-8052-PCT-DGC<br><br>**ORDER** |

Defendant Loren McReynolds asks the Court to release him until the resolution of this case. His motion is presented either as a review of Judge Burns' detention order under 18 U.S.C. § 3145(b), or as a renewed motion for release. Doc. 50. The Court will deny the motion.

Defendant is charged with two counts of being a felon in possession of a firearm, two counts of structuring financial transactions to evade reporting requirements, four Lacey Act counts, and two violations of the Wild and Free-Roaming Horses and Burro Act. Doc. 1. One Lacey Act count and the two Wild and Free-Roaming Horses and Burro Act counts are misdemeanors, and the remaining seven counts are Class C and D felonies, the most serious of which carry potential guideline sentences of several years and maximum statutory sentences of 10 years. *Id.*

Judge Burns detained Defendant as a danger to the community. Doc. 31. She also found him to be a flight risk, but concluded that there were conditions of release that would

assure his appearance at trial. *Id.* Judge McDonald previously had detained Defendant as a flight risk and danger, but Judge Burns agreed to rehear the issue after newly appointed counsel asserted that Defendant's first attorney had a conflict of interest. Docs. 16, 27.

### A. Timeliness of Motion.

Defendant concedes that his motion is untimely under Federal Rule of Criminal Procedure 59(a), which requires objections to a magistrate judge's decision within 14 days. His motion was filed seven months after Judge Burns' decision. The Court nonetheless retains discretion to review an untimely objection, *United States v. Tooze*, 236 F.R.D. 442, 446 (D. Ariz. 2006), and will exercise its discretion to review the decision in this case.

### B. Legal Standards.

The Court reviews the detention decision *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. The Court is not required to hold a new evidentiary hearing, and in this case concludes that the parties' briefing provides a sufficient basis for *de novo* review. *See United States v. Raddatz*, 447 U.S. 667, 673-76 (1980).

The government contends that Judge Burns did not err in deciding that Defendant should be detained as a danger to the community. The government must prove that he is a danger by clear and convincing evidence. 18 U.S.C. § 3142(f). Clear and convincing evidence is proof that a factual contention is "highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).

### C. Defendant Will Be Detained as a Danger to the Community.

The Bail Reform Act identifies four general factors to consider in deciding whether a defendant should be detained: the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g).

### 1. Nature and Circumstances of the Offenses.

The indictment charges criminal conduct stretching over a four-year period, from early 2013 to September 2017. Doc. 1. The most serious charges are felon in possession of a firearm. As will be discussed below, Defendant has several previous felonies. He is now charged with possessing a firearm on two separate occasions in 2016 and 2017. Doc. 1 at 2. The government's evidence suggests that Defendant arranged for his girlfriend to purchase a rifle and then used the rifle during the guided hunting trips at issue in this case.

Defendant is also accused of structuring financial transactions to avoid federal reporting requirements. The government's evidence suggests that Defendant made numerous deposits and withdrawals of just under $10,000 to avoid federal reporting obligations. When asked by a bank teller why he was doing so, Defendant reportedly said he wanted to avoid reporting the money to the IRS.

Defendant is charged with a series of wildlife-related violations, including illegal killing of protected animals and illegal harvesting of elk antlers. The government's evidence suggests that Defendant made tens of thousands of dollars by selling the illegally collected antlers.

### 2. Weight of the Evidence.

This is the least important factor, but a factor nonetheless. *Tooze*, 236 F.R.D. at 447. The government contends that the evidence in this case is "overwhelming." Doc. 51. Defendant does not seriously disagree. Defendant's possession and use of a firearm was captured on videotape by undercover agents whom he guided on illegal hunting trips. Evidence of structuring financial transactions is found in bank records and reports from the tellers with whom Defendant dealt. The government contends that it has substantial evidence to prove all the other allegations as well.

### 3. History and Characteristics of Defendant.

This is the most substantial factor in this case. Defendant has a troubling and lengthy criminal record. Defendant has been convicted of at least five previous felonies.

He has served prison terms of six months, 20 months, and 36 months, and much of the criminal conduct suggests the possibility of violence.

For example, Defendant was convicted in 2004 of facilitation to commit aggravated robbery and disorderly conduct with a weapon. Doc. 51-2 at 3. The state court found that Defendant posed a threat of serious physical injury to the victims, posed a threat of emotional harm to the victims, and caused physical, emotional, and financial harm to the victims. *Id.*

In 2009, Defendant was convicted of aggravated assault involving serious physical injury and threatening or intimidating with injury or damage to property. Doc. 9 at 6. He was sentenced to three years in custody.

The record does not reflect the date on which Defendant completed this three-year prison term, but it likely was 2010 or 2011 at the earliest. The charges in this case suggest that Defendant was again engaging in criminal conduct in 2013. And the government asserts that it did not charge earlier conduct because of a five-year statute of limitations.

The charges suggest that Defendant has engaged in a lengthy and deliberate pattern of violating federal law. Not only did he knowingly possess a firearm after being convicted of several felonies, but he also is recorded on tape telling undercover agents that certain animals he was killing were protected by law. In addition to the ten charges in the indictment, Defendant has five other wildlife-related cases pending against him in state justice court. Doc. 5 at 7. The record suggests that Defendant has no regard for the law.

Defendant has also engaged in threatening conduct. He does not dispute the government's assertion that on one occasion he threatened a law enforcement officer, suggesting that the officer's life was in danger. Doc. 51 at 10. Although this threat apparently occurred more than a decade ago, Defendant appears never to have ceased his pattern of illegal conduct, even after serving lengthy prison terms. What is more, the government notes that Defendant attempted to contact many of the witnesses in this case shortly after the charges came to light. Although the Court does not know the precise

reason for these contacts, Defendant's criminal history supports a reasonable inference that Defendant wished to influence their potential testimony in this case.

### 4. Nature and Seriousness of the Danger.

The Court finds that the government has shown by clear and convincing evidence that Defendant is a danger to the community. He has engaged in aggravated assaults involving serious injury, used firearms illegally, made threats to law enforcement officers, and attempted to contact witnesses in this case. Although federal game-protection laws might not normally provide a basis for detaining a defendant, the serious criminal history in this case persuades the Court that his release would present a danger to the community that could not be alleviated through conditions of release.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from November 27, 2018.

**IT IS ORDERED** that Defendant's motion for pretrial release (Doc. 50) is **denied.**

Dated this 16th day of January, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge