**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

United States,

              Plaintiff,

v.

Loren Joel McReynolds,

              Defendant.

No. CR-18-08052-PCT-DGC

**ORDER**

      Defendant Loren McReynolds is serving a 46-month sentence after pleading guilty to being a felon in possession of a firearm and ammunition.  *See* Docs. 1, 89, 117.[1] Defendant has filed a motion for arbitration concerning his former attorney, Craig Orent of Orent Law Offices.  Doc. 164.  For reasons stated below, the Court will deny the motion.

**I.    Background.**

      In August 2018, Defendant retained Mr. Orent to represent him in this case and to help him recover legal fees he had paid another attorney.  Doc. 64 at 1; *see* Docs. 38, 39. Defendant asserts that he paid Mr. Orent a total of $45,000, which includes a $6,000 down payment and a wedding ring belonging to his mother.  Doc. 64 at 1.  Defendant further asserts that Mr. Orent refused to communicate with him, and that he contacted the State Bar of Arizona to open an ethics investigation in January 2019.  *Id.* at 2.  Defendant

---

[1] The Ninth Circuit has affirmed the sentence.  Doc. 165; *see United States v. McReynolds*, No. 19-10343, 2020 WL 6797246 (9th Cir. Nov. 19, 2020).

terminated Mr. Orent's representation in February 2019.  *Id.*; *see* Docs. 59, 66.  Shortly thereafter, Defendant's mother received a package from Mr. Orent that contained her wedding ring and a bill for $53,720, with a balance due of $12,720.  Doc. 64 at 3.  In October 2020, Defendant sent Mr. Orent a "settlement option letter" offering "to stop the pursuance of any ethical, civil, and legal actions being taken against [Mr. Orent]."  *Id.*  Defendant states that Mr. Orent failed to acknowledge or respond to the letter.  *Id.*

## II.    Defendant's Motion for Arbitration.

In his motion for arbitration, Defendant requests a judgment against Mr. Orent for (1) "all monies due under the contract," (2) "triple damages for [Mr. Orent's] knowing, willing and unreasonable refusal to honor his obligations," and (3) "all cost[s] and attorney's fees with interest."  *Id.*

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 18 U.S.C. § 3231, "district courts have original jurisdiction over offenses against the laws of the United States."  *United States v. Ernst*, 857 F. Supp. 2d 1098, 1105 (D. Or. 2012) (citing *United States v. Hanson*, 2 F.3d 942 (9th Cir. 1993)).  District courts also have subject matter jurisdiction over civil actions involving federal questions, *see* 28 U.S.C. § 1331, and cases between citizens of different states involving claims greater than $75,000, *see* 28 U.S.C. § 1332.

The Court has jurisdiction over this criminal case under 18 U.S.C. § 3231.  But the contractual fee dispute between Defendant and Mr. Orent is a civil matter governed under state law (presumably Arizona law).  The dispute therefore involves no claim arising under federal law.  *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003) (federal jurisdiction under 28 U.S.C. § 1331 "exists only when a federal question is presented on the face of a properly pleaded complaint").  Diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist because both Defendant and Mr. Orent are residents of Arizona and the amount in controversy does not exceed $75,000.  *See Caterpillar Inc. v.*

*Lewis*, 519 U.S. 61, 68 (1996). Thus, the contractual fee dispute between Defendant and Mr. Orent ordinarily would be beyond this Court's limited jurisdiction.

Under 28 U.S.C. § 1367, a district courts may, in its discretion, exercise ancillary jurisdiction over a fee dispute in a criminal case. *See Garcia v. Teitler*, 443 F.3d 202, 207-09 (2d Cir. 2006) (holding that federal courts have ancillary jurisdiction to address attorney fee disputes in criminal cases, not just in civil cases); *United States v. Olmedo*, No. 07-20759-CR, 2010 WL 49346, at *1 (S.D. Fla. Jan. 4, 2010) (federal courts may exercise "ancillary jurisdiction to address attorney fee disputes in criminal cases, as set forth in cases like *Garcia*"); *see also United States v. Yates*, 155 F. Supp. 3d 1127, 1131 (D. Or. 2016) ("On occasion, courts have . . . exercised ancillary jurisdiction over fee disputes between a client and his or her attorney arising in criminal proceedings.") (citing 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3523.2 (3d ed. 2015)); *Bruton v. Carnival Corp.*, 916 F. Supp. 2d 1262, 1266 (S.D. Fla. 2012) (explaining that the "supplemental jurisdiction statute, as amended and codified at 28 U.S.C. § 1367, incorporated [the] concepts of ancillary jurisdiction (plus the related concept of 'pendent' jurisdiction) into 'supplemental' jurisdiction").

In *Garcia*, the Second Circuit held that a district court may exercise ancillary jurisdiction to resolve a fee dispute "[i]n order to guarantee a defendant's right to choose his own counsel where . . . his criminal case is ongoing, and to avoid the possibility of defendants becoming indigent and requiring the appointment of counsel[.]" 443 F.3d at 209. But "*Garcia* does not control here because [Defendant's] criminal case . . . has been resolved." *Gabayzadeh v. Brafman*, No. 09 CIV. 4095 PAC JCF, 2010 WL 6620688, at *4 (S.D.N.Y. June 18, 2010).[2] What is more, Defendant's motion involves "facts that are beyond the scope of his criminal case and this Court's ancillary jurisdiction." *United States v. Ruiz*, No. 17-CR-00172, 2020 WL 3403117, at *1 (E.D.N.Y. June 19, 2020).

---

[2] Defendant was charged with related offenses in Case No. CR-19-08245, but that case has been dismissed and Mr. Orent did not represent Defendant in the case.

The Court, in its discretion, will decline to exercise ancillary jurisdiction over Defendant's motion. *See Ashraf v. Jasper*, No. 10-CV-1236 (FB), 2010 WL 2990102, at *1 (E.D.N.Y. July 27, 2010) ("None of the interests identified in *Garcia* are implicated by Ashraf's complaint, and Ashraf has not identified, nor is the Court aware of, any case which supports Ashraf's argument that the Court has ancillary jurisdiction over claims arising from a fee dispute made long after the conclusion of a criminal trial."); *United States v. Bui*, 674 F. App'x 114, 116-17 (3d Cir. 2017) ("We agree with the District Court that Bui's fee dispute arises under state law and concerns the terms of his (or his family's) representation agreement with [his] attorney[,] such that sufficient factual interdependency with the criminal matter is absent here. Moreover, . . . Bui's criminal case is now closed."); *Fermin v. Moriarty*, No. 96 CIV. 3022 (MBM), 2003 WL 21787351, at *7 (S.D.N.Y. Aug. 4, 2003) (declining to exercise ancillary jurisdiction where "the subsidiary [fee] dispute between Fermin and Moriarty does not bear on the underlying criminal case against Fermin").

Arizona state court, which has general jurisdiction over the parties and contract claims, would appear to be the appropriate forum to litigate a fee dispute. The Arizona State Bar's Fee Arbitration Program may also be available to Defendant. *See* State Bar of Arizona, *For the Public, Fee Arbitration*, https://www.azbar.org/for-the-public/fee-arbitration/ (last visited Jan. 12, 2021).

**IT IS ORDERED** that Defendant's motion for arbitration (Doc. 164) is **denied.**

Dated this 13th day of January, 2021.

David G. Campbell
Senior United States District Judge